**Patty YIP, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 03–16837.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2005.*

Decided March 22, 2005.

Robert P. Capistrano, Timothy Roscoe Carter, San Francisco, CA, for Plaintiff–Appellant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Nancy M. Lisewski, San Francisco, CA, for Defendant–Appellee.

Before: NOONAN, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM **

Yip appeals a district court order upholding the Commissioner's denial of her application for Supplemental Security Income (SSI) benefits. She contends on appeal that the Commissioner erred in relying only upon the Social Security Administration's Medical–Vocational Guidelines ("Guidelines") to determine that a significant number of jobs exist in the national economy which she is capable of performing. We affirm the district court.

The district court held that the Administrative Law Judge ("ALJ") properly relied on the Guidelines and Social Security Ruling 85–15, "Capability To Do Other Work—The Medical–Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments," to deny Yip bene-

fits. SSR 85–15 provides that where a claimant's only impairment is mental and she cannot meet the mental demands of her past work, the ALJ should first consider her occupational base in light of her mental impairment, age, education, and previous work experience. *Id.* If the claimant has, as Yip does, a broad occupational base, the ALJ should then consider whether she can "understand, carry out, and remember simple instructions, . . . respond appropriately to supervision, co-workers, and usual work situations, and . . . deal with changes in a routine work setting." *Id.* Because Yip can perform such tasks, the ALJ found that her broad occupational base was not severely constrained by her mental impairment and, therefore, that she was not disabled under the Guidelines.

The Guidelines and SSR 85–15 "completely and accurately describe[ ][Yip]'s abilities and limitations." *Tackett,* 180 F.3d at 1103 (citing *Heckler v. Campbell,* 461 U.S. 458, 470, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983)). The ALJ thus properly applied the Guidelines to Yip's claim.

The judgment of the district court is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.